**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecilia M. Bean,<br><br>    Plaintiff,<br><br>vs.<br><br>BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P.; Mortgage Electronic Registration Systems, Inc.,<br><br>    Defendants. | No. CV-11-553-PHX-GMS<br><br>**ORDER** |

On January 3, 2011, the Court issued an order granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 20). Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's order. (Doc. 25). For the reasons stated below, Plaintiff's motion is denied.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). Rather, such arguments should be directed to the court of appeals. *Sullivan v. Faras–RLS Group, Ltd.*, 795 F. Supp. 305, 309 (D. Ariz. 1992).

1 | Plaintiff contends that the Court improperly applied the Ninth Circuit's holding in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011) to "rule[ ] against Plaintiff's argument concerning the bifurcation of the Note and Deed of Trust." (Doc. 25 at 2). In particular, Plaintiff contends that it has adequately alleged that MERS was not acting as an agent of the lender when MERS assigned its interest as beneficiary in the Deed of Trust to Defendant BAC Home Loans. In *Cervantes*, the plaintiffs claimed that "all transfers of the interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed from the note." 656 F.3d at 1044. The court rejected such a widespread attack on the MERS system, holding that "the notes and deeds are not irreparably split," and that "the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, *are not agents of the lender*." *Id.* (emphasis added). For instance, the court postulated that "[t]he legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name."*Id.*

In the instant case, Plaintiff alleges that because the Deed of Trust calls MERS the "nominee" of the lender rather than using the term "agent" or "agency," "[n]o agency was created" between MERS and the lender. (Doc. 1, Ex. 1 at ¶ 39). In *Cervantes*, however, the deed of trust likewise stated that MERS was acting "solely as a *nominee* for Lender and Lender's successors and assigns." 656 F.3d at 1042 (emphasis added). Moreover, based on the term "nominee" and the general relationship of MERS to lenders, courts have routinely "interpreted the relationship of MERS and the lender as an agency relationship." *Landmark Nat. Bank v. Kesler*, 289 Kan. 528, 539, 216 P.3d 158, 166 (2009) (collecting cases). The Court therefore rejects Plaintiff's argument that, as a lender's nominee, MERS cannot act as a lender's agent. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 271, 129 Cal. Rptr. 3d 467, 479–80 (2011) ("[T]he allegation that MERS was merely a nominee is insufficient to demonstrate that MERS lacked authority to make a valid assignment of the note on behalf of the original lender.").

Plaintiff further alleges in her Complaint that "the record contains no evidence that

the original holder of the note, Duxford, authorized MERS to transfer the note" to Defendant BAC Home Loans. (Doc. 1, Ex. 1, ¶ 58). The Assignment of Deed of Trust between MERS and BAC, however, states that MERS is acting "as nominee" for Duxford. And Duxford did have the authority to transfer the note. *See Fontenot*, 198 Cal. App. 4th at 271 ("While it is true MERS had no power *in its own right* to assign the note, since it had no interest in the note to assign, MERS did not purport to act for its own interests in assigning the note. Rather, the assignment of deed of trust states that MERS was acting as nominee for the lender, which *did* possess an assignable interest.") (emphasis in original). In short, Plaintiff has failed to allege facts which make it plausible that MERS was not acting as the lender's agent.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 25) is **denied**.

DATED this 20th day of January, 2012.

_____
G. Murray Snow
United States District Judge