**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecilia M. Bean,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP, et al,<br><br>　　　　　　　Defendants. | No. CV-11-00553-PHX-GMS<br><br>**TEMPORARY RESTRAINING ORDER** |

Pending before the Court is the Emergency Application for Temporary Restraining Order ("TRO") filed by Plaintiff Cecilia Bean's daughter, Gayle Miller. (Doc. 52.) In her Petition, Ms. Miller requests that the Court temporarily enjoin a trustee's sale of property located at 2311 W. Hunter Court., Phoenix, Arizona 85085 (the "Property"). The trustee's sale is scheduled for September 18, 2013. On September 17, the Court conducted a hearing on the matter. (Doc. 53.) Ms. Miller and Defendant's counsel were present.

As a preliminary matter, this Motion was filed by Ms. Miller and not by Plaintiff Cecilia Bean who passed away some months ago. After a status conference on July 26, the Court ordered Ms. Miller to file a motion to substitute after being named as representative of Ms. Bean's estate by the probate court or obtaining title to the Property. (Doc. 47.) It further ordered that if she did not file such a motion by October 24, 2013,

this matter would be dismissed pursuant to Federal Rule of Procedure 25(a).[1] (*Id.*) The Court will consider Ms. Miller's Application for TRO pending her substitution as the real party in interest. But if Ms. Miller does not file a motion to substitute after obtaining such an interest by October 24, this matter will be dismissed.

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or TRO upon a proper showing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *Beaty v. Brewer*, 791 F. Supp. 2d 678, 681 (D. Ariz. 2011). To prevail on a request for a preliminary injunction, a plaintiff must establish that (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council,* 555 U.S. 7, 20 (2008); *see* Fed. R. Civ. P. 65. The Ninth Circuit uses a "sliding scale" approach, where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). Should the moving party demonstrate a very high likelihood of injury, the likelihood of success on the merits may be relaxed. In such cases, an injunction may be granted when "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (internal quotation marks and citation omitted).

After review of the Motion and argument at the hearing, the Court finds that Ms. Miller will face irreparable harm from the sale of the house at which she resides if the trustee's sale proceeds as scheduled and that the balance of hardships tips in her favor. Ms. Miller avowed to barely enough facts at the hearing to establish some likelihood of success sufficient to obtain a TRO, if not a preliminary injunction. The Court previously

---

[1] Ms. Miller had filed a Motion for Substitution of the Real Party in Interest on July 16, 2013. (Doc. 45.) The Court denied the Motion because it did not show that Ms. Miller had been named as representative of Ms. Bean's estate by the probate court or obtained title to the Property.

granted BAC's Motion to Dismiss the Complaint, (Doc. 12), as to all of Plaintiff's claims but that of promissory estoppel. (Doc. 20.) Because Ms. Miller has demonstrated hardship and some potential for an estoppel claim, the Court will grant the TRO. But at the later hearing set out in this Order, she must make an evidentiary showing that there is a likelihood of success on the merits of her remaining promissory estoppel claim.

**IT IS THEREFORE ORDERED** that Ms. Gayle Miller's Emergency Application for Temporary Restraining Order (Doc. 52) is **granted.**

**IT IS FURTHER ORDERED** that Defendant and its appointed Trustee are enjoined for a period of **fourteen (14) days** from the date and time of the issuance of this Order from conducting or pursuing in any way a trustee's sale of Plaintiff's property located at 2311 W. Hunter Court., Phoenix, Arizona 85085.

**IT IS FURTHER ORDERED** setting a preliminary injunction **hearing** for **Friday, September 27, 2013** at **3:30 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003–2151.

**IT IS FURTHER ORDERED** that this Order is binding on Defendant; Defendant's officers, agents, servants, employees, and attorneys; and any person acting in concert or participation with anyone previously described and having actual notice hereof.

**IT IS FURTHER ORDERED** that Ms. Miller shall, pursuant to Federal Rule of Civil Procedure 65(c), post a non-recoverable bond of $2,000.00 per month, the reasonable equivalent of property rental, as security for this Temporary Restraining Order to be paid into a trust account administered by Defendant's counsel.

Dated this 17th day of September, 2013.

_A. Murray Snow_
G. Murray Snow
United States District Judge